# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| David A. King, | Civil No. 10-0751 (JNE/JJG) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Bureau of Prisons and Warden Robin Roal, | |
| Respondents. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This case is before the undersigned United States Magistrate Judge on David A. King's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the petition be denied.

## I. INTRODUCTION

Petitioner David A. King is currently serving a sixty-month sentence at the Federal Medical Center in Rochester, Minnesota. He was convicted in the United States District Court, Western District of Virginia, of conspiring to violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d), and for conspiracy to distribute anabolic steroids and ketamine under 21 U.S.C. § 846. At sentencing, he received a two-point enhancement for possessing a firearm during the commission of the offenses. His projected release date is May 4, 2012, via good conduct time credit.

On March 3, 2008, the Bureau of Prisons (BOP) deemed Petitioner provisionally ineligible for early release under the residential drug abuse program (RDAP) because of the two-point sentencing enhancement, in accordance with 28 C.F.R. § 550.58(a)(1)(vi)(B) and Program Statement 5162.04. Although Petitioner qualified to participate in RDAP, he chose not to do so since he was ineligible for the early release incentive. The record does not reflect whether Petitioner ever completed the program. He did, however, exhaust his administrative remedies in seeking to reverse the determination of ineligibility for early release.

Petitioner originally commenced this action under *Bivens*, seeking to be declared eligible for early release upon completion of RDAP. Because his requested relief would affect the duration of his confinement, the Court advised him that his complaint would be construed as a habeas petition under 28 U.S.C. § 2241. (Doc. No. 2.) Petitioner claims he is eligible for early release consideration under a Ninth Circuit decision, *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), which found § 550.58(a)(1)(vi)(B) invalid as an impermissible exercise of the BOP's discretion.[1]

## II. DISCUSSION

Under 18 U.S.C. § 3621(e)(2)(B), the BOP has discretion to grant up to one year of early release to an inmate who was convicted of a nonviolent offense and who successfully completes RDAP. *See Gatewood v. Outlaw*, 560 F.3d 843, 844 (8th Cir. 2009). In exercising this discretion, the BOP promulgated 28 C.F.R. § 550.58(a)(1)(vi)(B), which excludes several categories of

---

[1] Petitioner also argues that he was not aware of the sentence enhancement when he entered his plea, and that he should not have received the enhancement because he was a law enforcement officer who was required to carry a firearm. These collateral challenges to Petitioner's sentence are not cognizable in this § 2241 habeas action, unless he shows that 28 U.S.C. § 2255 would be ineffective or insufficient to test the legality of his incarceration. *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Petitioner has not made this showing.

inmates from early release consideration, including those whose offense "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives." 28 C.F.R. § 550.58(a)(1)(vi)(B).[2] To aid in implementing the regulation, the BOP published Program Statement 5162.04, which categorically precludes early release for inmates who received a sentence enhancement for carrying, possessing, or using a firearm during the commission of certain offenses, including 21 U.S.C. § 846, which is Petitioner's instant offense. *See* Program Statement 5162.04 § 7 (Oct. 9, 1997).

The United States Supreme Court upheld § 550.58(a)(1)(vi)(B) as a permissible exercise of the BOP's discretion in *Lopez v. Davis*, 531 U.S. 230, 244 (2001). The Court explained that, even if an inmate was convicted of a nonviolent offense and successfully completed a drug treatment program, the BOP was well within its discretion to decide not to grant early release. *Id.* at 239. The Court also upheld the BOP's decision to use categorical exclusions, rather than individualized assessments, in determining inmates' early release eligibility. *Id.* at 244.

Several years after *Lopez*, the Ninth Circuit issued its decision in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), finding § 550.58(a)(1)(vi)(B) invalid on procedural grounds. The court found that the BOP had not adequately expressed its rationale during the rulemaking process for categorically excluding inmates convicted of an offense involving firearm possession from early release consideration. *Id.* at 1114. Here, Petitioner relies exclusively on *Arrington* to

---

[2] On March 16, 2009, the BOP replaced 28 C.F.R. § 550.58 with 28 C.F.R. § 550.55, and Program Statement 5162.04 with Program Statement 5162.05. The new regulation and policy contain a similar categorical exclusion from early release consideration for inmates whose sentences were enhanced for possessing a firearm. *See* 28 C.F.R. § 550.55(b)(5)(ii). Because § 550.58 and Program Statement 5162.04 were in effect when the BOP denied Petitioner's eligibility for early release, the Court will cite to that regulation and policy in this Report and Recommendation.

3

argue that § 550.58(a)(1)(vi)(B) is invalid and that he should therefore be deemed eligible for early release under § 3621(e)(2)(B).

But *Arrington* is not the law in this circuit, as the Eighth Circuit Court of Appeals has unequivocally declared. In *Gatewood v. Outlaw*, the Eighth Circuit called *Arrington*'s reasoning "unpersuasive" and the holding "contrary to the Supreme Court's decision in *Lopez*." 560 F.3d 843, 846 (8th Cir. 2009). The Eighth Circuit had "no difficulty concluding . . . that public safety was the contemporaneous rationale for the interim and final rules." *Id.* at 848. Because this rationale was clearly present throughout the rulemaking process, the BOP was not bound to repeat it in its final action. *Id.*

The Eighth Circuit recently reiterated its holding *Gatewood* in *Stevenson v. FCI Waseca*, No. 09-3918, 2010 WL 2680329 (8th Cir. July 8, 2010), where it decided the very issue presented here. In *Stevenson*, an inmate brought a § 2241 habeas action challenging the BOP's decision to deny her a sentence reduction because of a sentencing enhancement for possessing a firearm. *Id.* at *1. Declining to reconsider its decision in *Gatewood*, the Court emphasized that § 550.58(a)(1)(vi)(B) had been properly promulgated. *Id.* The court also noted that the petitioner had not identified any defect with the new regulation, § 550.55, that would call its validity into question. *Id.*

In accordance with *Gatewood* and *Stevenson*, the Court concludes that 28 C.F.R. § 550.58(a)(1)(vi)(B) was validly promulgated under the Administrative Procedure Act. And like the inmate in *Stevenson*, Petitioner has not identified any defect in § 550.55. The Court concludes that the BOP appropriately deemed Petitioner ineligible for early release under § 3621(e)(2)(B) because his sentence was enhanced for possessing a firearm during his instant offense. Consequently, the Court recommends that the habeas petition be denied.

### III.　RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. No. 1) be **DENIED** and that **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  September 30, 2010

s/ *Jeanne J. Graham*

JEANNE J. GRAHAM
United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 18, 2010**. Any party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words.  The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.